UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21502-BLOOM/Otazo-Reyes

ELISA HASSUN,

	Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

	Defendant.
	_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's ("Defendant") Motion to Dismiss Amended Complaint, ECF No. [3] ("Motion"). Plaintiff Elisa Hassun ("Plaintiff") has failed to file any timely response to the Motion, which is sufficient to grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c). Nevertheless, the Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

Plaintiff initiated this breach of insurance contract action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on January 19, 2021. ECF No. [1-1] at 7-10. On April 16, 2021, Plaintiff filed an Amended Complaint asserting a single count for breach of contract. *Id.* at 20-23. The Amended Complaint alleges that Plaintiff entered into an insurance contract with Defendant to insure Plaintiff's property. *Id.* at 20, ¶ 5. The Amended Complaint further states that, on or around January 6, 2020, "the Property suffered substantial damage as a result of Water Damage." *Id.* at 21, ¶ 7. Plaintiff properly notified Defendant of her

claim, and around December 15, 2020, "an appraisal award was finalized and entered . . . for a total replacement cost value of $29,995.67 and an actual cash value of $28,539.23. [] Thereafter, and to date, the Defendant has rendered a mere payment of $10,000.00, despite the binding appraisal award." *Id.* at 22, ¶¶ 18-19. As such, Plaintiff alleges that Defendant has materially breached the insurance policy. *Id.* at 22, ¶ 20. On April 19, 2021, Defendant timely removed this action to federal court on the basis of diversity jurisdiction. ECF No. [1] ("Notice").

On April 19, 2021, Defendant filed the instant Motion, seeking to dismiss this case with prejudice under Federal Rule of Civil Procedure 12(b)(6) because the insurance policy contained a water damage sublimit of $10,000.00, which Defendant has paid. As such, Defendant argues that Plaintiff's allegations of material breach are directly refuted by the language of the insurance policy and that she therefore cannot state a claim for breach of contract. Plaintiff's response to the Motion was originally due on May 3, 2021. However, when Plaintiff failed to timely respond to the Motion, the Court issued an Order Requiring Response to Motion, ECF No. [10] ("Order"), requiring Plaintiff to submit a response by May 10, 2021. The Order also cautioned that if Plaintiff failed to submit a timely response, the Court would "consider the merits of the Motion without the benefit of a response or responses, and such failure may be deemed sufficient cause to grant the motion by default." *Id.* (citing S.D. Fla. L.R. 7.1(c)). To date, Plaintiff has failed to submit any timely response to the Motion, and she has not sought an extension of time within which to do so.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in plaintiff's favor. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). Yet, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Indeed, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). On a Rule 12(b)(6) motion, courts are generally limited to the facts alleged in the complaint and attached exhibits. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### III. DISCUSSION

As noted above, Defendant seeks to dismiss this case with prejudice because Plaintiff's claim of breach of contract is directly refuted by the policy language, which includes a $10,000.00

sublimit for water damage. As Plaintiff has failed to submit any response opposing or refuting the Motion, the Court can properly grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c). Nevertheless, the Court has also considered the substantive merits of the Motion, and it concludes that the Motion is due to be granted on the merits as well.

In particular, Defendant attaches the parties' insurance policy to its Motion, which states in relevant part as follows:

**WATER DAMAGE - SUBLIMIT**
This endorsement modifies insurance provided under the following:

**DWELLING PROPERTY 3 - SPECIAL FORM**
**DWELLING PROPERTY 3 - SPECIAL FORM - WASHINGTON**

The sublimit provided is described below and is subject to the terms and conditions of the **Coverage Form**, unless otherwise stated below:

Water Damage sublimit $10,000.

The sublimit shown above is the most we will pay for direct physical loss resulting from the following:

1. Under **PERILS INSURED AGAINST**, subsection **A. Coverage A - Dwelling And Coverage B - Other Structures:**

   Any covered property that is damaged by water unless excluded elsewhere under this policy.

2. Coverage provided under the following paragraphs of **PERILS INSURED AGAINST** subsection **B. Coverage C – Personal Property:**

   a. Paragraph **12. Accidental Discharge Or Overflow Of Water Or Steam**;

   b. Paragraph **13. Sudden And Accidental Tearing Apart, Cracking, Burning Or Bulging**; or

   c. Paragraph **14. Freezing**.

This sublimit does not increase the limit of liability for Coverages **A.**, **B.**, **C.**, **D.**, or **E.** stated in the Declarations and the limits under **F. Other Coverages** in the **Coverage Form**.

ECF No. [3-1] at 5.

Further, although the Court is generally limited to the four corners of the complaint when addressing a Rule 12(b)(6) motion, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc.*, 433 F.3d at 1340 n.3 (citing *Horsley*, 304 F.3d at 1135). Here, the insurance policy is undoubtedly central to Plaintiff's claims, as it is the operative contract that governs the parties' coverage agreement in this breach of contract action. Additionally, Plaintiff has failed to submit any opposition or dispute regarding the authenticity of this policy in response to Defendant's Motion. As such, the Court finds that it may properly consider the language of the insurance policy attached to Defendant's Motion in resolving this issue.

"Under Florida law, the elements of breach of contract are: (1) the existence of a contract, (2) a breach thereof, and (3) damages flowing from the breach." *Wistar v. Raymond James Fin. Servs., Inc.*, 365 F. Supp. 3d 1266, 1269 (S.D. Fla. 2018) (citing *Knowles v. C.I.T. Corp.*, 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977)). Here, Defendant argues that Plaintiff cannot allege a claim for breach of contract because it has fully complied with the terms of the policy sublimit and has paid the full $10,000.00 owed under the Water Damage Sublimit. Because the policy language directly refutes the allegations in the Amended Complaint that Defendant has breached the insurance contract by failing to pay the full extent of the costs of repairs for the water damage that was covered under the policy, Defendant contends that Plaintiff's claim for breach of contract must be dismissed. Plaintiff has failed to respond and has not alleged a provision of the policy that requires payment in excess of the limitations set forth in the Water Damage Sublimit. The Water Damage Sublimit expressly sets forth a limit of $10,000.00 and states that this amount is the most that Defendant will pay for property damage caused by water. Here, the Amended Complaint acknowledges that Defendant has paid the full $10,000.00 required under the policy for the "substantial [property] damage [suffered] as a result of Water Damage." ECF No. [1-1] at 21, ¶ 7.

Case No. 21-cv-21502-BLOOM/Otazo-Reyes

Thus, Plaintiff has failed to state a viable claim for breach of contract and this case must be dismissed.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [3]**, is **GRANTED**. The above-styled case is **DISMISSED WITHOUT PREJUDICE.** To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record